26 F.3d 140
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HOGANAS AB, Plaintiff-Appellant,
v.
A.P. GREEN INDUSTRIES, INC., Defendant-Appellee.
 No. 93-1190.
 United States Court of Appeals, Federal Circuit.
 May 13, 1994.
 
 Before PLAGER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 This is a patent infringement case involving the question of the proper interpretation of the phrase "straw-shaped, channel forming elements" appearing in the claims of the patent-in-suit, U.S. Patent No. 3,982,953 (the '953 patent). Plaintiff/appellant Hoganas AB (Hoganas) appeals the judgment of the United States District Court for the Middle District of Georgia, Civil Action No. 88-170-2-MAC (WDO). The district court entered judgment on November 6, 1992 after a full bench trial, in favor of defendant/appellee A.P. Green Industries, Inc. (Green), finding that the phrase imposed the requirement that the channel-forming elements be hollow, and that Hoganas, through statements it made during the '953 prosecution, had relinquished coverage under the doctrine of equivalents of capillary-sized channel-forming elements. That decision became final on December 14, 1992, when the court denied Hoganas' motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 52(b) and 59(e). These issues were also dealt with in Hoganas AB v. Dresser Industries Inc., 9 F.3d 948, 28 USPQ2d 1936 (Fed.Cir.1993). Because the district court's findings are in conformity with our conclusions in Hoganas AB v. Dresser Industries, we affirm on the basis of that decision.